NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7011

ERNEST R. ELLIS, SR.,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Ernest R. Ellis, Sr., of Cambridge, Ohio, pro se.

David M. Hibey, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Jeffrey S. Buckholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.  Of counsel on the brief was David J. Barrans, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7011

ERNEST R. ELLIS, SR.,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-1009, Judge Robert N. Davis.

_____

DECIDED: February 6, 2008

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Ernest R. Ellis, Sr. (Mr. Ellis) appeals the decision of the United States Court of Appeals for Veterans Claims (Veterans Court) in <u>Ellis v. Nicholson</u>, No. 07-1009 (Vet. App. Jul. 18, 2007), which denied his (1) motion to stay proceedings, (2) motion for a default judgment, and (3) petition for writ of mandamus alleging that a Department of Veterans Affairs (VA) regional office (RO) failed to send him a decision by a decision review officer (DRO) and a notice of his appellate rights. We <u>dismiss</u> for lack of jurisdiction.

BACKGROUND

On December 17, 2003, the RO issued a Decision Review Officer Decision, which granted Mr. Ellis a 100% disability rating, retroactive to July 19, 1989, for generalized anxiety reaction with major depression. Mr. Ellis filed a notice of disagreement seeking an earlier effective date for generalized anxiety disorder.

On March 3, 2005, the RO allegedly provided Mr. Ellis notice of the appeal process, instructions concerning his options for venue of his appeal, and a "Select Option Form." The VA, however, did not receive notice from Mr. Ellis electing DRO review within the sixty-day period required by 38 C.F.R. § 3.2600(b), and therefore, on May 23, 2005, the RO issued a statement of the case. Subsequently, Mr. Ellis sought review at the Board of Veterans Affairs (Board) by completing a VA Form 9, dated May 26, 2006, in which he requested that the Board remand the case for DRO review. On August 26, 2006, the RO notified Mr. Ellis that his case was certified to the Board.

On April 4, 2007, Mr. Ellis filed with the Veterans Court a petition for a writ of mandamus, in which he asserted that VA had not sent to him a decision by a DRO and a notice of his appellate rights. Mr. Ellis subsequently filed a motion for a stay of proceedings and additional correspondence requesting the Veterans Court to order the VA to make a determination. The Secretary of Veterans Affairs filed a response, explaining that the RO sent correspondence on March 3, 2005 that included notice of the appeal process and instructions regarding how to request a DRO review of his file. Mr. Ellis filed a motion for default judgment and opposition to the Secretary's answer on June 29, 2007. Also, on July 3, 2007, Mr. Ellis filed additional correspondence requesting the Veterans Court to grant his earlier motion to stay the proceedings.

On July 18, 2007, the Veterans Court issued an order (1) denying Mr. Ellis's motion for a stay in the proceedings; (2) denying Mr. Ellis's motion for a default judgment; and (3) denying Mr. Ellis's petition for a writ of mandamus. Mr. Ellis filed motions for reconsideration on July 23 and 27, 2007, which the Veterans Court denied on August 27, 2007, explaining that Mr. Ellis failed to "set forth his points of error and reasoning in a reasonably clear manner." This appeal followed.

DISCUSSION

The scope of our review of a Veterans Court decision is limited by statute. See 38 U.S.C. § 7292. Under § 7292(a), we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. Id. § 7292(d)(2).

Mr. Ellis contends that the Veterans Court overlooked his motion in opposition dated June 27, 2007, motion for reconsideration dated July 21, 2007, and petition for writ of mandamus dated August 21, 2006. Further, Mr. Ellis contends that this court should make determinations regarding his motions and petition.

The Veterans Court concluded that a writ of mandamus was not warranted because the VA's review was proceeding and Mr. Ellis had not shown that reliance upon the established appeal process would be inadequate. Ellis, slip op. at 2. It appears that Mr. Ellis contends that he has shown a clear indisputable right to the writ and that the Veterans Court improperly denied his petition. However, as these are

challenges to the Veterans Court's application of law to facts or challenges to factual issues concerning the merits of the petition, our jurisdiction precludes review.

With respect to his motions, Mr. Ellis's contentions seem to ignore the plain language of the Veterans Court's decision, which provided that the motions were considered and denied. Id. at 2-3. Further, these allegations do not challenge the validity or interpretation of any statute or regulation relied upon by the Veterans Court, nor do they challenge the Veterans Court's decision with respect to a constitutional issue or a rule of law. Rather, Mr. Ellis's arguments raise factual issues concerning the merits of his motions, which we are without jurisdiction to consider.

For the foregoing reasons, we dismiss Mr. Ellis's appeal for lack of jurisdiction.